# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH EDMUND GILMORE, | CASE NO. 1:11-CV-00280-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| TATE, et al., | |
| Defendants. | (DOC. 1) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.     Background**

Plaintiff Elijah Edmund Gilmore ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on February 17, 2011.  Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendants chief medical officer Tate; nurse Bennett; medical technician V. Renniger; medical technician assistant Huttle, and correctional officers John Does 1 and 2.

Plaintiff alleges the following. On February 2, 2007, at approximately 12:00 PM, Plaintiff was escorted to the medical clinic, complaining of severe head pain. Compl. 2. Plaintiff also suffers from hypertension, and had not received his medication for three weeks. *Id.* Plaintiff was seen by Defendant Bennett, who declared that Plaintiff was faking his head pain. *Id.* When questioned by one of the escorting officers about Plaintiff's ability to walk, Defendant Bennett left and returned with Defendant Renniger, who also declared that Plaintiff was faking. *Id.* at 2-3. Plaintiff had at this time become very weak and dizzy, and his speech was slurred. *Id.* at 3. The escorting officers took Plaintiff back to his cell. *Id.*

In the evening, Defendant Huttle was informed of Plaintiff's medical issues. *Id.* Defendant Huttle looked into Plaintiff's cell to see Plaintiff, but refused to examine or otherwise help. *Id.* Plaintiff's cell mate wrote an emergency inmate request to Defendant Tate, explaining Plaintiff's medical issues and how the medical staff had refused to examine or treat Plaintiff. *Id.* at 4. Plaintiff's cell mate gave the request to Defendant Huttle for delivery. *Id.* Defendant Huttle

2

returned later that evening to inform Plaintiff's cell mate that Defendant Tate had the form. *Id.* Defendant Tate did not provide medical attention. *Id.*

On February 3, 2007, Plaintiff's cell mate and other inmates were banging on their doors and yelling "man down," to indicate that someone needed medical assistance. *Id.* at 3. Defendants John Does 1 and 2, who were working first watch, arrived at the cell. *Id.* Plaintiff was incoherent at this time. *Id.* Plaintiff's cell mate informed them of Plaintiff's medical issues. *Id.* Defendant John Doe 1 shined a flashlight on Plaintiff, noticing that Plaintiff had blood on his sheet and was bleeding from his nose. *Id.* Defendants John Does 1 and 2 refused to call for medical help, and delayed second watch officers from getting Plaintiff medical help because it was only a nosebleed. *Id.*

As a result of the delays, Plaintiff was in excruciating pain for 18 hours and suffered permanent loss of peripheral vision in his right eye. Plaintiff requests as relief monetary damages.

**III.   Analysis**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

3

inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff states a cognizable claim for relief against Defendants Bennett and Renniger for deliberate indifference to a serious medical need. Plaintiff alleges sufficient facts to demonstrate Defendants Bennett and Renniger knew of and disregarded an excessive risk of serious harm to Plaintiff's health. *Farmer*, 511 U.S. at 837.

Plaintiff does not state a cognizable claim against Defendant Huttle. Plaintiff alleges that Defendant Huttle refused to examine or otherwise help Plaintiff. However, Defendant Huttle also allegedly delivered an emergency inmate request to Defendant Tate regarding Plaintiff's medical issues. Thus, Plaintiff has not alleged sufficient facts to demonstrate that Defendant Huttle disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff does state a cognizable claim against Defendant Tate. Plaintiff alleges that Defendant Tate received an emergency inmate request which explained Plaintiff's medical issues and how medical staff failed to provide any assistance. Defendant Tate allegedly failed to provide any medical assistance.

Plaintiff does state a cognizable claim against Defendants Does 1 and 2. Plaintiff alleges that Defendants Does 1 and 2 knew of Plaintiff's medical issues and failed to call for medical help.

**IV.    Conclusion And Order**

Plaintiff states a cognizable Eighth Amendment claim against Defendants Bennett, Renniger, Tate, and Does 1 and 2. Plaintiff fails to state a claim against any other Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

4

If Plaintiff decides not to amend and is willing to proceed only on the claims found to be cognizable, Plaintiff shall notify the Court.  The Court will issue an order dismissing Defendant Huttle from this action, and forward service documents to Plaintiff for completion and return as to Defendants Bennett, Renniger, and Tate.  The Court cannot order service on Defendants Does 1 and 2 because there is insufficient information to effect service on these Defendants.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   (a) file a first amended complaint curing the deficiencies identified herein; or
   (b) notify the Court of willingness to proceed only on claims found to be cognizable as stated herein;

///
///
///
///

5

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 23, 2011**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE