# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH EDMUND GILMORE, | CASE NO. 1:11-CV-00280-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (DOCS. 1, 9) |
| TATE, et al., | |
| Defendants. | |

## Screening Order

**I.**     **Background**

Plaintiff Elijah Edmund Gilmore ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on February 17, 2011.  Doc. 1.  On August 23, 2011, the Court screened Plaintiff's complaint and found that it stated cognizable claims against Defendants Bennett, V. Renniger, Tate, and Does 1 and 2 for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Doc. 8.  Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable.  On September 9, 2011, Plaintiff filed his notice of intent to proceed only on the cognizable claims.  The Court issues the following order.

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.    Summary of Complaint**

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendants chief medical officer Tate; nurse Bennett; medical technician V. Renniger; medical technician assistant Huttle, and correctional officers John Does 1 and 2.

Plaintiff alleges the following. On February 2, 2007, at approximately 12:00 PM, Plaintiff was escorted to the medical clinic, complaining of severe head pain. Compl. 2. Plaintiff also suffers from hypertension, and had not received his medication for three weeks. *Id.* Plaintiff was seen by Defendant Bennett, who declared that Plaintiff was faking his head pain. *Id.* When questioned by one of the escorting officers about Plaintiff's ability to walk, Defendant Bennett left and returned with Defendant Renniger, who also declared that Plaintiff was faking. *Id.* at 2-3. Plaintiff had at this time become very weak and dizzy, and his speech was slurred. *Id.* at 3. The escorting officers took Plaintiff back to his cell. *Id.*

In the evening, Defendant Huttle was informed of Plaintiff's medical issues. *Id.* Defendant Huttle looked into Plaintiff's cell to see Plaintiff, but refused to examine or otherwise help. *Id.* Plaintiff's cell mate wrote an emergency inmate request to Defendant Tate, explaining Plaintiff's medical issues and how the medical staff had refused to examine or treat Plaintiff. *Id.* at 4. Plaintiff's cell mate gave the request to Defendant Huttle for delivery. *Id.* Defendant Huttle returned later that evening to inform Plaintiff's cell mate that Defendant Tate had the form. *Id.* Defendant Tate did not provide medical attention. *Id.*

On February 3, 2007, Plaintiff's cell mate and other inmates were banging on their doors and yelling "man down," to indicate that someone needed medical assistance. *Id.* at 3. Defendants John Does 1 and 2, who were working first watch, arrived at the cell. *Id.* Plaintiff was incoherent at this time. *Id.* Plaintiff's cell mate informed them of Plaintiff's medical issues. *Id.* Defendant John Doe 1 shined a flashlight on Plaintiff, noticing that Plaintiff had blood on his sheet and was bleeding from his nose. *Id.* Defendants John Does 1 and 2 refused to call for medical help, and delayed second watch officers from getting Plaintiff medical help because it was only a nosebleed. *Id.*

As a result of the delays, Plaintiff was in excruciating pain for 18 hours and suffered permanent loss of peripheral vision in his right eye. Plaintiff requests as relief monetary damages.

**III.     Analysis**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

*Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff states a cognizable claim for relief against Defendants Bennett and Renniger for deliberate indifference to a serious medical need.  Plaintiff alleges sufficient facts to demonstrate Defendants Bennett and Renniger knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  *Farmer*, 511 U.S. at 837.

Plaintiff does not state a cognizable claim against Defendant Huttle.  Plaintiff alleges that Defendant Huttle refused to examine or otherwise help Plaintiff.  However, Defendant Huttle also allegedly delivered an emergency inmate request to Defendant Tate regarding Plaintiff's medical issues.  Thus, Plaintiff has not alleged sufficient facts to demonstrate that Defendant Huttle disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff does state a cognizable claim against Defendant Tate.  Plaintiff alleges that Defendant Tate received an emergency inmate request which explained Plaintiff's medical issues and how medical staff failed to provide any assistance.  Defendant Tate allegedly failed to provide any medical assistance.

Plaintiff does state a cognizable claim against Defendants Does 1 and 2.  Plaintiff alleges that Defendants Does 1 and 2 knew of Plaintiff's medical issues and failed to call for medical help.

## IV.  Conclusion And Order

Plaintiff states a cognizable Eighth Amendment claim against Defendants Bennett, Renniger, Tate, and Does 1 and 2.  Plaintiff fails to state a claim against Defendant Huttle.

4

Plaintiff was afforded the opportunity to file an amended complaint, but opted instead to proceed on the cognizable claims found herein.

Accordingly, it is HEREBY ORDERED that:

1. This action proceed against Defendants Bennett, Renniger, Tate, and Does 1 and 2 for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and

2. Defendant Huttle is dismissed with prejudice from this action for failure to state a claim against him.

IT IS SO ORDERED.

Dated:   **September 14, 2011**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE